## APPEAL OF PIERCE-ARROW MOTOR CAR CO.

Docket No. 893.    Submitted March 18, 1925.    Decided September 7, 1925.

> On the evidence, *held*, that the deductions claimed for depreciation on special tools and patterns in the taxpayer's amended returns for 1917 and 1918 were reasonable.

*Edward B. Burling* and *Raymond B. Goddell, Esqs.*, for the taxpayer.

*John D. Foley* and *George E. Adams, Esqs.*, for the Commissioner.

Before IVINS and KORNER.

This appeal is from a determination of a deficiency in income and profits taxes for 1917 and 1918, in the sum of $544,569.91, arising out of the disallowance in part by the Commissioner of deductions for depreciation (including amortization for 1918) of special tools and patterns claimed by the taxpayer in amended returns.

### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office at Buffalo. During the taxable years involved it was engaged in the business of manufacturing motor cars and trucks, and in the year 1918 was also commencing the manufacture of aeroplane motors for the United States Government.

As of January 1, 1917, the taxpayer acquired for cash all the assets of the predecessor company of the same name. Among the assets acquired were special tools and patterns for quantity production of automobiles, of which the purchase price was $950,528.32.

During the year 1917 the taxpayer acquired further special tools and patterns amounting to $397,838.97. During the year 1918 it purchased similar assets for $494,243.44. The entire cost of the original investment and the purchases in 1917 and 1918 was capitalized. The tools and patterns may be divided into three classes, as follows: Class A, those having a life of less than one year; class B, those having a life of less than two years; class C, those having a life of more than two years. Owing to the fact that the models of automobiles and trucks under production on January 1, 1917, were antiquated and that it was the purpose of the taxpayer to discard them and commence the manufacture of new models as soon as the war situation ended, and that the special patterns, jigs, and fixtures constituting class C, above mentioned, would necessarily be discarded, if not worn out, at the time of a change in models, these class C items had a reasonable expected life at the beginning of 1917 of three and one-half years.

The special tools and patterns purchased as part of the original investment were second-hand at the time of such purchase.

Of the original investment in special tools and fixtures, 40 per cent in value belonged in classes A and B, and 60 per cent in value belonged in class C.

The purchases in 1917 and 1918 were divided by costs, as follows: Class A, 63.7 per cent; class B, 13.6 per cent; class C, 22.7 per cent.

In its books the taxpayer wrote off against the cost of special tools and patterns $176,940.76 for 1917 and $849,462.72 for 1918. In its original income and profits-tax returns for said years it deducted said sums, respectively. Subsequently, a revenue agent objected to the 1918 deduction, whereupon the taxpayer on June 7, 1922, filed amended returns for 1917 and 1918, in which it claimed deductions on account of depreciation of special tools and patterns of $489,-438.74 for 1917, and $776,708.07 (such sum including $187,500 for amortization) for 1918. The Commissioner allowed $287,361.95 for 1917 and $488,145.53 (including $153,351.24 for amortization) for 1918.

The taxpayer manufactured and shipped 2,548 passenger cars and 5,176 trucks in 1917, and 1,164 passenger cars and 7,474 trucks in 1918.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

### OPINION.

Ivins: The problem before us is the determination of reasonable allowances for depreciation and amortization of special tools and patterns of the taxpayer for 1917 and 1918. The taxpayer in its original return for 1917 claimed $176,940.76 for depreciation of these items, and in its original return for 1918, $849,462.72 for depreciation and amortization. A revenue agent having objected to the 1918 deduction, the taxpayer filed, in 1922, amended returns, claiming $489,438.74 for 1917 and $776,708.07 for 1918. The Commissioner cut down the allowances to $287,361.95 for 1917 and $488,-145.53 for 1918.

The record is voluminous, the taxpayer having adduced evidence calculated to support its general contentions with respect to costs and rates of depreciation, and to sustain the deductions claimed in its amended returns upon any one of three different theories. We do not regard it as necessary to go into the evidence in detail, believing it sufficient to say that we are convinced of the following:

(a) At the beginning of 1917 the taxpayer bought the business of its predecessor, taking over for cash special tools and patterns (second-hand) of the classes with respect to which we are dealing,.

at a cost of $950,528.32. These items, and similar items purchased later in 1917 and 1918, fall into three classes or groups as follows:

Class A. Tools having a life of less than one year.

Class B. Tools having a life of less than two years.

Class C. Tools, jigs, fixtures, etc., having a life of three and one-half years.

(b) Of the items originally purchased, 40 per cent in value, or $380,211.33, fall into classes A and B, and 60 per cent, or $570,316.99, into class C. The evidence does not make it possible to determine the percentages in classes A and B, separately.

(c) In 1917 and 1918 the taxpayer purchased further special tools and patterns, as follows:

| | |
|---|---:|
| In 1917 | $397, 838. 97 |
| In 1918 | 494, 243. 44 |
| | 892, 082. 41 |

These were divided, by cost, as follows:

| | Per cent. |
|---|---:|
| Class A | 63. 7 |
| Class B | 13. 6 |
| Class C | 22. 7 |
| | 100. 0 |

The proportions were approximately the same in each year, so by multiplying we have the purchases analyzed as follows:

Purchased 1917:

| | |
|---|---:|
| Class A, 63.7 per cent of $397,838.97, or | $253, 423. 42 |
| Class B, 13.6 per cent of $397,838.97, or | 54, 106. 10 |
| Class C, 22.7 per cent of $397,838.97, or | 90, 309. 45 |
| | 397, 838. 97 |

Purchased 1918:

| | |
|---|---:|
| Class A, 63.7 per cent of $494,243.44, or | 314, 833. 07 |
| Class B, 13.6 per cent of $494,243.44, or | 67, 217. 11 |
| Class C, 22.7 per cent of $494,243.44, or | 112, 193. 26 |
| | 494, 243. 44 |

(d) The taxpayer claimed amortization on war facilities for 1918 of 100 per cent on $187,500 of these 1917 and 1918 purchases, of which the Commissioner allowed $153,351.24, upon the theory that he was allowing a fractional amortization on all purchases, rather than a complete amortization of a part. The record does not tell us what items the taxpayer claimed amortization upon nor the classes into which they fall. So we are unable to determine the classes to which the balance not amortized should be allocated.

Depreciation is at best an estimate. That is the reason the revenue acts provide for a " reasonable allowance " rather than an exact deduction, as in the case of losses, expenses, etc. For the purpose

of testing the reasonableness of the allowances claimed by the taxpayer in its amended returns, we have made the following tentative computations, assuming for the purpose that the purchases in 1917 (after the original investment) and in 1918 were spread ratably over those years respectively, and treating the items of the original investment falling into classes A and B as all having a life of two years.

### 1917.

| | |
|---|---:|
| 50 per cent (2-year life) on original investment, classes A and B | $190,105.66 |
| 28.57 per cent (3½-year life) on original investment, class C | 162,939.56 |
| 100 per cent (less than 1-year life) on 1917 class A purchases, for one-half year | 126,711.71 |
| 50 per cent on 1917 class B purchases, for one-half year | 13,526.52 |
| 28.57 per cent on 1917 class C purchases, for one-half year | 12,900.70 |
| | 506,184.15 |

### 1918.

| | |
|---|---:|
| 50 per cent on original investment, classes A and B | 190,105.66 |
| 28.57 per cent on original investment, class C | 162,939.56 |
| Balance of 1917 class A purchases | 126,711.71 |
| 50 per cent of 1917 class B purchases | 27,053.04 |
| 28.57 per cent of 1917 class C purchases | 25,801.40 |
| 100 per cent of 1918 class A purchases, for one-half year | 157,416.53 |
| 50 per cent of 1918 class B purchases, for one-half year | 16,804.27 |
| 28.57 per cent of 1918 class C purchases, for one-half year | 16,026.81 |
| | 722,858.98 |

The results of these computations compare with the deductions claimed by the taxpayer (including amortization) in its amended returns as follows:

| | Our tentative computations. | Taxpayer's amended returns. |
|---|---:|---:|
| 1917 | $506,184.15 | $489,438.74 |
| 1918 | 722,858.98 | 776,708.07 |
| Total | 1,229,043.13 | 1,266,146.81 |

The net difference for the two years is only $37,103.68, the total shown by our tentative computations being less than 3 per cent lower than the total claimed on the taxpayer's amended returns.

In view of the fact that there are several elements in favor of the taxpayer, which we have not taken into account in our tentative computations, and that we have made no allowance for amortization of war facilities scrapped before the end of their useful life, we believe that the taxpayer has been reasonable in the claims made in its amended returns. Because of the elements referred to as not having been considered in our tentative computations and for the

further reasons that the taxpayer made more cars in 1918 than in 1917 and also commenced work on aeroplane engines in 1918, the mere fact that the taxpayer's claim for 1918 exceeds our tentative computation for that year, by some 7 per cent, does not seem to us sufficient grounds for holding its claim for that year unreasonable.

The deficiency should be recomputed, allowing as deductions the amounts claimed by the taxpayer in its amended returns for depreciation (including amortization) of special tools and patterns.

On reference to the Board, ARUNDELL took no part in the consideration.